## R. H. COFFMAN v. FRED KUMMER AND ANOTHER.[1]

January 3, 1930.

No. 27,510.

[1]Reported in 228 N. W. 751.

*Junell, Oakley, Driscoll & Fletcher* and *Charles F. Noonan,* for appellants.

*Thomas H. Quinn,* for respondent.

WILSON, C. J.

Defendants appealed from an order denying their alternative motion for judgment non obstante or a new trial.

Plaintiff drove a car south. Defendant's wife drove his car west on an intersecting street. The cars collided at the intersection. This was during a heavy snowstorm which seriously obscured the vision of both drivers.

■ We are asked to hold defendant free from negligence and plaintiff guilty of contributory negligence as a matter of law. Cases are cited. But nearly every case is controlled by its own facts. Did plaintiff fail to exercise the care of an ordinarily prudent person under all the circumstances? He carried a rag saturated with alcohol with which to fight the blinding snow and frost on his windshield. He stopped his car and used this a block from the place of accident. Outside the space in which his windshield wiper was functioning the window would frost over. He drove in second gear and apparently at a moderate rate of speed, perhaps 15 miles per hour. When 30 to 50 feet from the intersection he opened his left-hand door and looked for cars coming from the east. He says he saw none. Due to the snowstorm he could probably not see more than 30 or 40 feet, depending upon the slant of the snow. The testimony is that if you looked away from the snow or with the snow to the side of it you could see fairly well, but one could not see well looking directly into the falling snow. After so looking to the east he turned his attention to the west and he did not know of the presence of defendant's car until the collision occurred. While plaintiff was not to be remiss in his observations to the left, yet he was to be more vigilant in his watch to his right for those to whom under the law he might have to more readily yield the right of way.

Mrs. Kummer drove faster, perhaps 20 miles per hour. She too was late in seeing the other car. It was to her right, and under the circumstances the jury could have concluded that it had the right of way and that she was negligent in not discovering its presence in time to have avoided the collision. It was also for her to give the more alert attention to her right, and the circumstances, evidence and inferences to be drawn therefrom are such as to warrant the jury in concluding that if she had fulfilled her duty in that respect she would have discovered plaintiff's presence in time to have avoided the accident. The fact that the storm so obstructed her vision may have required her to enter the intersection more cautiously.

This is not a case wherein it may be said that either party is conclusively presumed to have failed to look, or else heedlessly disregarded the knowledge so obtained and negligently encountered obvious danger from the other approaching car. Such were the cases of Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350. Here the danger was not necessarily obvious. Whether it was or not was a question of fact. It may have been wholly or partially hidden by the storm. Perhaps the degree of obscurity depended upon the distance at the particular moment of the observation. What was the effect of the blinding snowstorm upon either driver? To what extent was their vision impaired? How far away could the other car have been seen? Was the failure to see the other car due to the failure to look or to the vision's being limited by the storm? These inquiries as well as the evidence in the case characterize the vital questions here as ones of fact and not of law. It is only in the clearest of cases, when the facts are undisputed and it is plain that all reasonable persons can draw but one conclusion from them, that the question of contributory negligence becomes one of law. Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580. This is not such a case. Here reasonable persons might differ. It is not clear as to what the true facts were. The solution of the facts determinative of defendant's negligence and plaintiff's contributory negligence were for the jury.

■ The verdict was excessive. As reduced it has our approval. Discussion of the injuries and consequences is unnecessary and would be of little value for this or future cases.

■ The assertion is made that the jury were bound by the alleged uncontradicted testimony of Mrs. Kummer. A reading of the record discloses many circumstances, testimony of other witnesses and some inconsistencies, all of which put her testimony beyond the operation of the rule that a jury cannot disregard the positive testimony of an unimpeached witness, concerning which the cases were collected in O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430.

Affirmed.

[1]Reported in 228 N. W. 752.