## FRED EICHLER v. EQUITY FARMS, INC.[1]

March 15, 1935.

No. 30,139.

[1]Reported in 259 N. W. 545.

*S. H. Eckman,* for appellant.
*Pattridge & Hamlin,* for respondent.

PER CURIAM.

Defendant appeals from a judgment rendered upon a verdict returned for plaintiff in a personal injury action.

The jury was justified in finding that plaintiff was injured by reason of the negligence of one O'Connor in driving an automobile in which plaintiff was a passenger. Defendant, a Minnesota corporation, is owned by Dr. Oredson and wife, they being the owners of all of the capital stock therein. They reside at Duluth. Defendant owns and operates a fine farm of 480 acres near the village of Le Roy in Mower county. On June 6, 1932, Dr. Oredson in behalf of defendant engaged the services of plaintiff as a farm hand upon this farm. The hiring was done at Duluth, where plaintiff also resided. Immediately thereafter plaintiff proceeded to the farm and entered upon his employment. The farm was then under the management of one Carey. On July 3 the management thereof was taken over by O'Connor, who continued in such capacity until sometime the following August. On July 20 O'Connor directed plaintiff to accompany him to Le Roy to procure some extra parts for a binder that was in need of repair. In making this trip O'Connor drove his automobile in such reckless fashion, against the protests of plaintiff, that it overturned and caused injuries to plaintiff. To recover damages for such injuries and the expenses incident thereto this action was brought, resulting in a verdict for plaintiff, upon which judgment was entered.

The only basis for reversal is the claim that the court erred in denying defendant's motions for a directed verdict and for an order vacating the same and ordering judgment *non obstante.*

The scope of review in such situation is limited. In 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5085, the rule is stated thus:

"Where there is a motion for judgment notwithstanding the verdict, but no motion for a new trial, the only objections that can be raised on appeal are (1) whether the court had jurisdiction; (2) whether the court erred in denying the motion for a directed verdict; and (3) whether the evidence is sufficient to justify the verdict. Objections cannot be raised to the pleadings, to rulings on the trial, to the charge, or to the amount of the verdict. By resting solely upon a motion for judgment a defeated party waives all errors which would be ground only for a new trial."

Also, see cases cited under note 46, and Thom v. N. P. Ry. Co. 190 Minn. 622, 252 N. W. 660.

A careful review of the record fails to disclose error.

The judgment is affirmed.

