J. T. MISHLER v. CARL J. NELSON AND ANOTHER.[1]

May 24, 1935.

No. 30,474.

*Hiram S. Goff* and *Morse & Morse,* for appellants.
*Dailey, Mason & Mason,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendants appeal from a judgment entered in conformity with verdict for plaintiff.

On April 13, 1930, plaintiff delivered to defendants his truck, the value of which, if applied upon his purchase from them of a new car or a "used car over $600," was fixed at $200. Defendants sold the truck shortly thereafter for $150, taking a conditional sales note from the purchaser. Plaintiff concluded not to buy an automobile. Nearly four years later he brought this action to recover the price received by defendants for his truck, less the reasonable value of defendants' services in disposing of it. The basis for the action is well stated by the court in its charge:

[1]Reported in 260 N. W. 865.

"The plaintiff then claims after that written agreement was entered into that it was modified by an understanding and oral agreement where he claims it was talked that if he did not want to buy a car or was not able to buy a car that then the Nelson Motor Company would sell this truck which they had gotten from him and they would receive a reasonable commission for selling the truck. That is the claim on the part of the plaintiff."

Defendants asserted that a credit memorandum contained the entire contract. The memorandum reads (plaintiff's exhibit A):

"NELSON MOTOR CO.

Mankato, Minnesota.

Date Apr. 13, 1930.

You are hereby authorized to enter my order for one . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(Type)

Price of Motor Car delivered including war
tax-transportation and handling charges.    $

ACCESSORIES

We, Nelson Motor Co. hereby acknowledge receipt of one Chevrolet Truck Le No. X22-459. Credit Memo is hereby granted for the amount of $200.00 to be used as purchased toward new car or used car over $600.00.                    TOTAL    $

By deposits hereby acknowledged                    $

By allowance for Used Car                    $

Nelson Motor Co.

By Carl J. Nelson

J. T. Mischler

Year                    Make                    Type

Balance due upon Delivery of Motor Car                    $

Total    $

This credit memo is negotiable."

Below the above quoted language appear certain provisions relating to change in price of new car, delay in delivery thereof in event of strikes and other causes beyond control, and some other provisions not material here.

The case was submitted to the jury in a charge wholly unchallenged except as follows:

Mr. Morse. "Defendant excepts to the failure of the court to charge, in accordance with defendant's requested instruction, that any subsequent modification of the written contract must be based upon a valuable consideration. Defendant excepts to the instruction of the court that the jury need not consider whether or not the instrument received in evidence, plaintiff's exhibit A, is negotiable."

The verdict was for $75. Defendants' sole objection thereto, available here, is that the court erroneously refused to grant their motion for an instructed verdict. Later defendants moved for judgment notwithstanding, but no motion was made for a new trial. Judgment was thereafter entered and this appeal taken.

The question to be determined is necessarily very limited in view of the rule, repeatedly announced by this court, that where "defendant rests upon its motion for judgment without asking for a new trial, errors at the trial, whether in the rulings or in the instructions to the jury, cannot be reviewed or considered. The only question for consideration is whether it clearly appears from the record that plaintiff is not entitled to recover." Smith v. Gray Motor Co. 169 Minn. 45, 46-47, 210 N. W. 618, 619; Thom v. N. P. Ry. Co. 190 Minn. 622, 252 N. W. 660; 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5085; Eichler v. Equity Farms, Inc. 194 Minn. 8, 259 N. W. 545; Oxborough v. Murphy T. & S. Co. 194 Minn. 335, 260 N. W. 305. With this limitation, it is obvious, without further discussion, that defendants' appeal is unavailing. Plaintiff testified to the new or modified arrangement. The jury found his claim to be true. There is nothing inherently improbable about it. As a fact issue, the same is finally closed. If the court erred (and we are not intimating that it did), it is error that is now beyond our reach. At most, it could only afford basis for a new trial. That remedy not being available, it follows that the judgment must be and it is affirmed.