## I. L. SPENCER v. WALFRED JOHNSON.[1]

October 14, 1938.

No. 31,701.

[1]Reported in 281 N. W. 879.

*Johnson, Sands & Brumfield,* for appellant.
*A. R. English* and *Julian E. Morten,* for respondent.

HILTON, JUSTICE.

The plaintiff, I. L. Spencer, brought an action in the district court for Redwood county to recover for personal injuries and property damage resulting from the collision of his automobile with that of the defendant, Walfred Johnson. Plaintiff had a verdict for $2,000, and the defendant appeals from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

On Sunday afternoon, October 11, 1936, shortly after five o'clock, the defendant was driving his automobile in a westerly direction on highway No. 19 near the west outskirts of Redwood Falls, Minnesota. The plaintiff was driving easterly in the same vicinity on highway No. 19, from Marshall, Minnesota, to his home in Redwood Falls. The two automobiles collided near the point where Whittet street, which is close to the western border of Redwood Falls, joins highway No. 19.

Whittet street and the highway do not compose a true intersection since Whittet street abuts only on the north side of the highway. It is not laid out so as to continue on the south side of the highway. As Whittet street, which is graveled, approaches the highway, it flares out in the form of a "Y" merging with the north

gravel shoulder of the highway. The east platted line of Whittet street is about 40 feet west of the crest of a hill which runs downgrade easterly toward Redwood Falls. The hill appears to be quite precipitous. The traveled portion of the street actually is some 12 feet west of the east platted line. On the northwest corner of the junction of the street and the highway is located a Pure Oil filling station. The east side of the westerly driveway of this station runs onto the highway at a point approximately 80 feet west of the west platted line of Whittet street. Highway No. 19 begins to curve gradually to the southeast a few feet west of this westerly driveway to the station and continues to curve as it passes along Whittet street so that the highway and the street do not meet at exact right angles.

Because of the location of the hill with reference to Whittet street, there was a material decrease in the visibility for both Spencer and Johnson. From a point on the east line of Whittet street it is possible to see the ground, pavement, and of course the body of an approaching automobile at a distance of about 240 feet. From the westerly entrance to the oil station an automobile climbing the grade can be discovered, partially at least, at a distance of 505 feet.

The plaintiff testified, and the jury could so find, that he began to make a turn into Whittet street 25 feet from the west edge of that street; that he was moving 15 miles per hour; that he looked to the rear and to the front before he turned and could not see any automobiles in sight. He drove his car about ten feet farther from the point where he last looked, covering a distance slightly more than from the south side of the highway to the north, when his vehicle and that of the defendant collided. He testified he did not see the defendant's car "until he was right on top of us." The two cars immediately after the impact were on the north side of the highway. The front of the Spencer car was headed northeast and was entirely off the pavement except for the back wheels. The front of the Johnson automobile was against, or very close to, the right front wheel of the plaintiff's car. The left front and rear wheels of defendant's automobile were on the pavement; the right

side was on the gravel shoulder. Witnesses for the plaintiff testified that there were skid marks for approximately 75 feet to the rear of the defendant's car and by their character indicated that this automobile immediately before the accident was being driven half on the pavement and half on the shoulder. The automobiles were resting at a point due south from the center of the oil station or a few feet to the west thereof. The east edge of the station building is 24 feet west of the west line of the traveled portion of Whittet street. The building itself is 34½ feet long.

The defendant asserts that the trial court erred when it submitted to the jury the issue of whether or not the defendant was guilty of negligent conduct. This contention does not merit much consideration. The facts were in sharp dispute. Whether Johnson acted as a reasonably prudent man under the circumstances was a question upon which opinion might properly differ. Johnson testified that he saw Spencer's automobile when the cars were nearly 300 feet apart. The south side of the highway was clear. Johnson by his own testimony had a considerable period of time to apply his brakes. On the evidence the jury had a right to and apparently did find that Johnson was proceeding at a speed of 50 miles per hour and that this was not reasonable or proper under the circumstances. The trial court correctly submitted the issue to the jury, and its determination must stand.

Defendant predicates error on the refusal of the trial judge to rule that the plaintiff was guilty of contributory negligence as a matter of law. We think the court below was correct in holding that the question under the circumstances was for the jury. It seems unnecessary, yet proper, to repeat a well settled rule of law recently stated in Coffman v. Kummer, 179 Minn. 120, 122, 228 N. W. 751, 752:

"It is only in the clearest of cases, when the facts are undisputed and it is plain that all reasonable persons can draw but one conclusion from them, that the question of contributory negligence becomes one of law."

Appellant relies upon the so-called physical facts and contends that mathematical calculation will conclusively show contributory negligence as a matter of law. In Brown v. Knutson, 179 Minn. 123, 125, 228 N. W. 752, 753, this court answered a similar contention by stating:

"Again, courts as well as juries, in considering testimony of the most truthful witness relative to the measurement or estimates of both space and time, when the witness is on a moving vehicle and has the mind set only upon a safe passage and not upon the exact point in the street he was when he looked this way or that, are apt to arrive at incorrect and unjust conclusions if the estimate is taken as a verity to the inch or foot or the fraction of a second. The location of two moving objects at some particular distance and moment from the point where they converge and collide must be estimated by the triers of fact upon a reasonable view of all the testimony."

The plaintiff had one story, the defendant another. With the limited visibility, the time within which the automobiles approached each other after coming into whole or partial vision was necessarily very short. Consequently the time for observation was very limited. This court is not prepared in this case to hold the plaintiff guilty of contributory negligence as a matter of law upon sheer mathematical calculations arrived at with basic figures which obviously have as a component the element of human inaccuracy and fallibility and which more properly should be determined by the jury from all the testimony in the case.

This case is distinguishable from such cases as Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145 (see 13 Minn. L. Rev. 372) wherein the road was one of clear visibility for a considerable distance.

Manifestly, the mere fact that Spencer looked easterly will not absolve him of contributory negligence. DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350. The plaintiff must act as a reasonably prudent man under the circumstances. It is ordinarily for the jury to determine whether this standard has been met.

Plaintiff admitted that he failed to indicate with his arm that he intended to make a left turn as required by 1 Mason Minn. St. 1927, § 2720-17. It is the rule in this state that the violation of a statute intended to protect the other party, in the absence of valid excuse or justification, is conclusive evidence of negligence if it proximately contributes to the result. Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605. In a civil action it is for the jury usually to determine whether or not the statute was violated, and, if so, whether such violation proximately caused the result. The jury could believe the plaintiff's testimony that he looked and did not see any automobiles approaching. In such a situation the jury could find that the technical violation was not the proximate cause of the accident. It would be contrary to well established principles to hold a party guilty of contributory negligence for violating a statute when obedience would in no way protect the party intended to be benefited. If the defendant was not in view, as the jury could find, at the time the plaintiff should have indicated with his hand, it is difficult to comprehend how he would have been aided. It was for the jury to decide whether the plaintiff's conceded violation was the proximate cause of the accident. Williams v. Russell, 196 Minn. 397, 265 N. W. 270. By Johnson's testimony he would have been benefited by a signal; by Spencer's he would not. However, this testimony simply presented a fact issue which was properly submitted to the jury.

It is urged that the plaintiff was guilty of contributory negligence as a matter of law on the ground that he violated 1 Mason Minn. St. 1927, § 2720-16, which requires a vehicle turning left to stay as near the center of the intersection as practicable. The jury was instructed by the trial judge on this law. Again simply a fact issue was presented. The jury must have found that either the plaintiff did not violate the statute or that such violation did not proximately cause the accident. This clearly was within their province.

The court below permitted Mrs. Carrie Smithers to testify as to the speed of the Johnson automobile when it was within the range

of her vision. Her testimony was that immediately prior to the accident she was standing near the highway at a point about a block east of Whittet street. Mrs. Smithers heard the impact of the cars, but she did not see the accident, since she was standing below the crest of the hill. She testified the Johnson car was climbing the hill at a speed of approximately 50 miles per hour. It is evident that the witness saw the Johnson car a second or two before the collision. The courts of this country, including this court, generally have held that testimony relating to the speed of an automobile at a point on the road before the place the car becomes involved in an accident may be received in evidence provided the point of observation is not so remote in time or space as to render the testimony improbable of possessing any value in determining the speed of the vehicle or the conduct of the driver at the point of collision. Quinn v. Zimmer, 184 Minn. 589, 239 N. W. 902; Owen v. Gruntz, 216 App. Div. 19, 214 N. Y. S. 543; Sterler v. Busch, 197 Iowa, 231, 195 N. W. 369. It is primarily for the trial judge in his sound discretion to determine whether the circumstances are such that the evidence should or should not be received. Traynor v. McGilvray, 54 Cal. App. 31, 200 P. 1056 (involving a situation practically identical with the instant case); Schwarting v. Ogram, 123 Neb. 76, 242 N. W. 273, 81 A. L. R. 769. Under the facts of this case it cannot be said that there was an abuse of discretion by the trial judge.

Other points raised by the defendant have received consideration but are passed without comment, as they are not of sufficient merit in light of the view here taken to warrant further extension of this opinion. We have found no reversible error.

Affirmed.