HARRY E. KOCH AND ANOTHER v. CHARLES A. LIDBERG AND ANOTHER.[1]

January 19, 1945.

No. 34,019.

*Milton I. Holst,* for appellants.
*Gilbert W. Terwilliger,* for respondents.

[1]Reported in 17 N. W. (2d) 308.

JULIUS J. OLSON, JUSTICE.

This was an action to recover damages for fraud and deceit claimed by plaintiffs to have been practiced by defendants in making sale of an 80-acre farm to plaintiffs. There was a jury trial, and plaintiffs recovered a verdict of $1,000. Defendants moved for judgment notwithstanding the verdict, but made no motion for a new trial. That motion having been denied, judgment was entered in conformity with the verdict, and defendants have appealed from the judgment.

The issues of fact as the trial court viewed them were stated in its instructions to be substantially these:

"This is an action based upon the law of fraud. As applied to this case, fraud is a false statement or statements made for the purpose of inducing another or others to part with money, which statements are to influence the persons to whom they are made and which deceive the persons to whom made and which wholly or in part induce the parties to enter into a transaction and pay a price for the property.

&ast; &ast; &ast; &ast; &ast;

"Now, an important question for the jury is to decide whether plaintiffs Koch were actually deceived and you are to determine that as a question of fact from a consideration of all the attending circumstances, including the means of knowledge available and to the degree of age, character, experience and intelligence and judgment, caution and alertness which the plaintiffs Koch possessed.

&ast; &ast; &ast; &ast; &ast;

"Therefore, if you find by a fair preponderance of the evidence * * * That Mrs. Lidberg said to Mrs. Koch in answer to question by Mrs. Koch—'Are you bothered with that smoke and dust flying over from the Rock Wool and coming over here?',—if this answer was given,—'Mrs. Koch, you will never have to be worried about that, we have never been bothered. You can have your doors and windows open at any time of the day of [sic] night you want to.' Or if you find that Mr. Lidberg said to Mrs. Koch 'We never have been bothered.' Or if you find that Mr. Lidberg said to plaintiffs.

or either of them, 'All those signs were all frontage on the property and naturally it would run up to the property,' or if you find that Mr. Lidberg said to them or either of them that he 'owned all property except property upon which the last three signs were located.'

"Now, you will first determine whether those statements were made and if they were you will determine whether any or all of them were false and whether they were known to the person or persons making them to be false and whether they were made for the purpose of having plaintiffs Koch or either of them believe them and with the intent to deceive plaintiffs or either of them and whether plaintiffs Koch or either of them did believe them to be true and relied wholly or in part upon them or any of them and were deceived and induced wholly or in part by them to make the purchase of the land and did so make the purchase and did sustain damages, in that event your verdict would be in favor of the plaintiffs in such sum as you may determine under instructions hereinafter to be given."

■ As defendants' motion can involve only the question of whether the trial court erred in failing to direct a verdict or to grant judgment notwithstanding, it follows that our duty lies within a very limited field, since, as we said in Mishler v. Nelson, 194 Minn. 499, 501, 260 N. W. 865, 866:

"'* * * in view of the rule, repeatedly announced by this court, that where 'defendant rests upon its motion for judgment without asking for a new trial, errors at the trial, whether in the rulings or in the instructions to the jury, cannot be reviewed or considered. The only question for consideration is whether it clearly appears from the record that plaintiff is not entitled to recover' [citing cases]."

■ The jury examined the premises, heard the evidence, and by their verdict determined the fact issues. Tested by the quoted rule, an examination of the record discloses that there were fact issues for the jury to determine. As to these, the cause is finally closed.

Judgment affirmed.