IDA LOUKO v. VILLAGE OF HIBBING.[1]

November 29, 1946.

No. 34,247.

[1]Reported in 25 N. W. (2d) 234.

*I. R. Galob,* for appellant.

*Frank M. Talus* and *John M. Gannon,* for respondent.

CHRISTIANSON, JUSTICE.

Appeal from a judgment against the village of Hibbing.

Plaintiff, having sustained injuries allegedly suffered as a result of the negligence of defendant in maintaining a public way within the village, instituted an action for $3,350 damages for such injuries after service of the statutory notice of claim. Of the sum claimed, it was alleged that $350 represented hospital and medical expenses. Plaintiff recovered a verdict of $625. Defendant moved for judgment notwithstanding the verdict, which was denied. Judgment was entered pursuant to the verdict, from which defendant appealed.

Defendant's assignments of error may be summarized as follows: That the court erred (1) in refusing to dismiss the action at the close of plaintiff's case; (2) in permitting the introduction of incompetent testimony relating to medical and hospital expenses of plaintiff; (3) in denying defendant's motion for a directed verdict at the close of the testimony; and (4) in denying defendant's motion for judgment notwithstanding the verdict.

■ This being an appeal from a judgment after denial of a motion for judgment notwithstanding the verdict, with no motion for a new trial, our field of review is limited. As stated in Eichler v. Equity Farms, Inc. 194 Minn. 8, 9, 259 N. W. 545:

"The scope of review in such situation is limited. In 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5085, the rule is stated thus:

" 'Where there is a motion for judgment notwithstanding the verdict, but no motion for a new trial, the only objections that can be raised on appeal are (1) whether the court had jurisdiction; (2) whether the court erred in denying the motion for a directed verdict; and (3) whether the evidence is sufficient to justify the verdict. Objections cannot be raised to the pleadings, to rulings on the trial, to the charge, or to the amount of the verdict. By resting solely upon a motion for judgment a defeated party waives all errors which would be ground only for a new trial.' "

In view, therefore, of the limitations on the scope of our review in an appeal such as this, as summarized in the Eichler case, it is clear that the third assignment of error is the only one requiring our consideration. It is likewise clear that the only two questions presented to us by the third assignment of error are (1) whether the evidence justifies the verdict, and (2) whether plaintiff's notice of claim as served on defendant was sufficient to satisfy the statutory requirements.

■ The first question—whether the evidence is sufficient to justify the verdict—is not difficult. In Thom v. N. P. Ry. Co. 190 Minn. 622, 627, 252 N. W. 660, 662, where, as here, there had been an appeal from a judgment notwithstanding the verdict and no motion for a new trial had been made, this court said:

"* * * The judgment will not be reversed even though the evidence was such that the trial court in its discretion ought to have granted a new trial; it must be clear from the whole record that the moving party, as a matter of law, was entitled to judgment on the merits."

From our examination of the record, we are satisfied that the evidence amply justifies the verdict in this case.

■ We come now to the second question—whether the notice of claim given by plaintiff to defendant, which notice is a condition precedent to the maintenance of the action, was sufficient to satisfy Minn. St. 1945, § 465.09, which provides in part that every person seeking damages for loss or injuries such as here claimed—

"shall cause to be presented to the common council or other governing body, within 30 days after the alleged loss or injury, a written notice, stating the time, place, and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; * * * *"

Defendant does not claim to have been prejudiced or misled by the allegedly insufficient notice, but asserts that the notice served was inaccurate in its description of the place within the village where the alleged accident occurred, and that because of the alleged inaccuracy the notice was fatally defective and not a sufficient compliance with the statute above referred to.

What is an adequate notice under the statute applicable here must be decided in each case on the basis of the facts involved. Generally, such notice is considered sufficient if the place of accident is so described that the proper municipal officers, through the exercise of reasonable diligence, may be able to locate it even though the notice may contain some inaccuracies. From the evidence in the instant case, it seems that in describing the place of the accident one of the intersecting streets used in the description to fix the location of the accident was referred to by its generally-known and accepted designation rather than by what defendant asserts was its proper official name. The official name did not seem to be generally known and did not appear by markers or signs upon the street in question. The trial court, after hearing the evidence with respect to the notice and the description contained therein, concluded that it was sufficient, stating in its memorandum in denying the motion for judgment notwithstanding

the verdict "that there was ample reason to believe that the notice correctly described the place of the accident." We believe that the trial court was correct in deciding that the notice was sufficient, and we so hold. As stated in O'Brien v. City of St. Paul, 116 Minn. 249, 251, 133 N. W. 981, 982, Ann. Cas. 1913A, 668:

"* * * Its purpose [that of the notice] is served if it directs the proper authorities to the place of the accident, so that they may intelligently investigate and pass on any claims arising therefrom, and, if necessary, prepare for the defense in a suit."

See, also, Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350; Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868.

■ The evidence being sufficient to justify the verdict, the notice of claim served on defendant being sufficient and in compliance with the statute involved, and there appearing to be no other grounds for defendant's contention that the court erred in denying its motion for a directed verdict, we must and do hold that such motion was properly denied. The judgment appealed from is affirmed.

Affirmed.

