ELMER R. JOHNSON v. ROY MANCILMAN.[1]

March 19, 1954.

No. 36,304.

*Ray G. Moonan* and *John M. Fitzgerald,* for appellant.
*Foley & Foley* and *Lawrence R. Lunde,* for respondent.

NELSON, JUSTICE.

This case involves a collision at an intersection in Lake City, Wabasha county, Minnesota, on November 7, 1947. If all conflicts in the evidence are resolved in favor of the prevailing party below, the facts appear to be as follows:

Plaintiff was driving his small Ford oil truck with an empty 500-gallon tank in a westerly direction on Walnut street, and defendant was driving his 1941 Chevrolet coupe south on Sixth street. Both men were proceeding toward the right-angle intersection of

_____
[1]Reported in 63 N. W. (2d) 569.

those streets. The accident occurred about four o'clock in the afternoon. The weather was admittedly bad, with poor visibility, slippery roads, and falling snow blowing in gusts. Plaintiff testified that at no time could he see in any direction beyond 40 feet, due to the blowing snow. Defendant, however, testified that at times he could see as far as one block ahead. Plaintiff approached the intersection at a speed of from 10 to 12 miles per hour, with his lights on low beam. Defendant testified he was driving around 25 miles per hour as he approached the intersection. There was testimony that his lights were not on.

There is some contradiction in plaintiff's testimony as to the lookout he exercised on reaching the intersection. On direct examination he testified that he looked both to the left and right before starting to cross the intersection. On cross-examination, however, he testified that he looked to the left when his front wheels were on the east crosswalk of the intersection and then proceeded slowly across the crosswalk while turning his eyes toward the right or north, and that he was about four or five feet east from the center of the intersection before he finally looked to the right up Sixth street. Plaintiff testified that he saw no cars coming from the right or left and slowly proceeded forward and that his truck was two-thirds into the southbound lane of Sixth street when it was struck by defendant's car on the right front fender. Plaintiff's truck skidded from the point of impact in the northwest quadrant of the intersection on to the east side of Sixth street approximately 80 or 90 feet south of the point of impact. Defendant's car came to a stop on the west side of Sixth street about 90 feet south from the point of impact.

The plaintiff testified that after the collision he talked to the defendant, who then admitted that he was at fault, that he had been driving too fast, and that he had been drinking. Defendant denies making those statements and denies that he had done any drinking.

The plaintiff brought this suit for damages for personal injuries sustained in the collision. The jury returned a verdict for the plaintiff. The trial court twice denied defendant's motion for directed

verdict as well as his motion for judgment notwithstanding the verdict, and defendant appeals from the judgment entered. There was no motion for a new trial.

The only question for consideration here is whether it clearly appears from the record that plaintiff is not entitled to recover.[2]

The defendant contends that plaintiff's entering the intersection before looking to the right represents a failure to exercise a proper lookout and thus constitutes contributory negligence as a matter of law, in spite of the fact that plaintiff had at least looked in both directions before reaching the *center* of the intersection and had seen no car approaching. Defendant supports this argument by citing the right-of-way rule as laid down in M. S. A. 169.20, subd. 1:

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

"When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

Defendant relies on the interpretation of this statute given by this court in Moore v. Kujath, 225 Minn. 107, 112, 29 N. W. (2d) 883, 886, 175 A. L. R. 1007, as follows:

"* * * As we view the two sentences, the second one so modifies the first as to require the driver on the left, even though he may reach the intersection first, to yield the right of way to the driver on the right in a situation where the two vehicles would collide were each to continue its course and maintain its rate of speed."

---

[2]The defendant assigned as error the ruling of the trial court on the admission of certain testimony of the plaintiff, but in oral argument he conceded that the question is not properly before this court, there having been no motion for a new trial. See, Louko v. Village of Hibbing, 222 Minn. 463, 25 N. W. (2d) 234; Laabs v. Hagen, 221 Minn. 89, 21 N. W. (2d) 91; Koch v. Lidberg, 219 Minn. 199, 17 N. W. (2d) 308; Mishler v. Nelson, 194 Minn. 499, 260 N. W. 865; Oxborough v. Murphy Transfer & Storage Co. 194 Minn. 335, 260 N. W. 305; Eichler v. Equity Farms, Inc. 194 Minn. 8, 259 N. W. 545; Smith v. Gray Motor Co. 169 Minn. 45, 210 N. W. 618; 10 Dunnell, Dig. (3 ed.) § 5085.

Defendant maintains that the fact that the collision occurred when plaintiff was two-thirds across the intersection into the west lane of Sixth street indicates that plaintiff could not have reached the intersection an appreciable length of time ahead of defendant's car and that therefore the right-of-way rule, as interpreted in the Moore case, applies, since plaintiff would not have been in actual possession of the intersection. Defendant cites Webber v. Seymour, 236 Minn. 10, 51 N. W. (2d) 825, as further authority for this position. There the court held the defendant negligent as a matter of law because, although she reached the intersection an instant before the plaintiff, she should have yielded the right of way to the driver on the right (236 Minn. 18, 51 N. W. [2d] 830) "where a collision was imminent if both vehicles were to continue the same course and maintain the same rate of speed."

Both the Moore and Webber cases can be distinguished from the case at bar, however. In those cases the driver on the left had either seen the car coming from the right before it entered the intersection or the conditions for observation were in the main such that he ought to have and could have seen the oncoming car by keeping a proper lookout. But in the instant case the blowing gusts of falling snow created an obstruction which prevented plaintiff from seeing oncoming traffic in spite of his precautions. The Moore and Webber cases are applicable only when the driver either realizes or ought to realize under the existing conditions for observation that a collision is "imminent"; here plaintiff saw no car and hence had no warning of impending collision.

Defendant also cites Bohnen v. Gorr, 234 Minn. 71, 47 N. W. (2d) 459, in support of his contentions, but that case is not in point since the decision there merely upheld a jury finding of negligence and does not hold that there was negligence as a matter of law.

We have examined the other authorities relied on by defendant, and we conclude that none of them would justify a finding of contributory negligence as a matter of *law* under the facts of this case.

It has been adopted and followed as a general rule by this court that, if a plaintiff makes reasonable observation both to the left and right before crossing an intersection where vision may have

been either distracted or obscured due to conditions and circumstances not ordinarily encountered, he is not guilty of contributory negligence as a matter of law for proceeding across the intersection, and the question whether he should have taken additional safeguards or made additional observations before crossing is ordinarily one for jury determination. Ryan v. Griffin, 241 Minn. 91, 62 N. W. (2d) 504; Rose v. Western States L. Ins. Co. 230 Minn. 393, 41 N. W. (2d) 804; Martin v. Reibel, 227 Minn. 106, 34 N. W. (2d) 290; Mattfeld v. Nester, 226 Minn. 106, 32 N. W. (2d) 291, 3 A. L. R. (2d) 909; Jeddeloh v. Hockenhull, 219 Minn. 541, 18 N. W. (2d) 582. See, also, Pokora v. Wabash Ry. Co. 292 U. S. 98, 54 S. Ct. 580, 78 L. ed. 1149, 91 A. L. R. 1049. This court has repeatedly held that only in the clearest of cases where the facts are undisputed and can lead to but one conclusion is a court justified in finding contributory negligence as a matter of law. Martin v. Reibel, *supra;* Spencer v. Johnson, 203 Minn. 402, 281 N. W. 879; Coffman v. Kummer, 179 Minn. 120, 228 N. W. 751.

A driver is not required to stop before entering an intersection where there is no stop sign, provided he takes such ordinary and reasonable precautions as are consistent with the existing circumstances and hazards. We cannot go so far as to say that plaintiff's driving at all under such adverse weather conditions constituted negligence. One could reasonably conclude from the testimony that the plaintiff here took such precautions as were necessary and possible under the prevailing street and weather conditions. As we stated in Rose v. Western States L. Ins. Co. 230 Minn. 393, 398, 41 N. W. (2d) 804, 806:

"* * * Were we to apply any other rule, it would be impossible for a motorist to cross or enter a highway at all where there are obstructions to his view, except at his own peril."

See, also, Mattfeld v. Nester, *supra.*

The right-of-way rule cannot be regarded as an absolute standard at all times and for all conditions of approach and entry into an intersection. We quote with approval from Martin v. Reibel, 227

Minn. 106, 109, 34 N. W. (2d) 290, 292, where this court, in reversing a directed verdict, stated:

"* * * The look-and-not-see-*that-which-is-in-plain-sight* rule, as applied to a motorist who has made observations preparatory to entering an intersection, *must always be tempered with a considera-tion of surrounding circumstances* which may have obscured or inter-fered with his vision."

In cases where visibility is obstructed and limited, as in the case at bar, a strict application of the rule would require that an auto-mobile not move at all, because it would never be certain whether another car might not be coming from the right at intersections where obstructions or unusual conditions at the time might keep it from view!

The defendant contends that the plaintiff was contributorily neg-ligent because on cross-examination he had indicated that he did not look to the right until after he had entered and had almost reached the center of the intersection. But even if that state of facts were conceded, such negligence would not necessarily consti-tute a proximate cause of the accident for the reason that the plain-tiff testified that his vision was limited to 40 feet and that when he did look he saw nothing because of the blowing snow. Therefore, whether plaintiff looked to the right while at the entrance of the intersection or somewhere later after entering it, but before crossing the center of the intersection, could have no relation to the proxi-mate cause of this collision as a matter of law. The contention of the defendant would be relevant here only if on looking to the right plaintiff had seen defendant's oncoming car but was unable to stop, and there is nothing in the testimony to substantiate this supposition.

The trial court in its charge set forth the right-of-way rule and its interpretation in Moore v. Kujath, *supra,* and Webber v. Seymour, *supra.* He called the attention of the jurors to the forfeiture pro-vision of the statute as to right of way where a driver is guilty of excessive speed and fully advised them as to the other applicable law. The court below concluded that there was credible evidence

from which the jury could properly find that the plaintiff was driving across the intersection with more than ordinary care and that defendant's car was not visible when the plaintiff last looked to the right. The trial court came to the following conclusions in its memorandum, when denying defendant's motion for judgment notwithstanding the verdict:

"The law does not prohibit one from driving a motor vehicle when visibility is poor. All that is required is care commensurate with the hazard. The defendant was himself driving into the same intersection in the same weather, and was confronted with the same hazards. No greater measure of care should be required of the plaintiff than of the defendant."

We feel that we must here, as the court did below, conclude that the question of contributory negligence on the part of the plaintiff was properly one for the jury, and we hold that the trial court was justified upon the evidence as a whole in denying the motion for judgment notwithstanding the verdict.

Affirmed.