HARVEY JOSLIN v. GRAND RAPIDS ICE AND COAL CO.

*Personal injury—Street collision—Res gestæ—Professional damages—Charge to jury—Medical testimony.*

1. In an action for an injury from a street collision the Court was requested to charge that if the street car track was in such condition that the wheels of vehicles could not pass over it readily and so caused the collision, the plaintiff could not recover. *Held,* that there was no error in adding that if the offending driver was negligent in trying to cross a track in such condition, and might by ordinary care have avoided the collision, the condition of the track would not. excuse him.

2. A judge charged the jury that the existence of negligence was a question of fact for them to determine from the evidence, and that in the determination of it they were to apply to the facts the instructions they received from the court, but—he added—"You will receive but little aid from the court in this line." *Held,* that the last clause unmistakably related to their deliberations on the facts and was not objectionable.

3. A person on being injured by the collision of his buggy with a cart asked the driver of the cart what he meant, and the driver answered in an indifferent and impudent manner that he couldn't help it. *Held,* that the manner and matter of his reply were part of the res gestæ.

4. A lawyer in suing for a personal injury can show his professional standing and the extent of his practice, and prove that the consequent interruption to his legal business was a damage to him.

5. A physician testifying in a case of personal injury was asked what he should say the cause of the trouble was, judging from the examination he had made at the time and supposing it to be true that the injured person was suffering in certain specified ways. The question was objected to on the ground that the answer could not be based partly on a hypothesis and partly on examination. *Held,* that the question was allowable.

6. It is discretionary with the trial judge to allow a subject to be gone into again after full examination upon it.

7. In an action for an injury caused by a street collision it is proper to show the position of plaintiff's vehicle and how it came there; to prove that he was not in fault in occupying that position and what the result would have been if he had done differently; to show how the other driver handled his team and his whip, and to testify that knowing plaintiff's position, he was careless.

8. A physician testifying for the defense in an action for personal injury swore that when he had examined the plaintiff there was no evidence of any hurt, but on cross-examination admitted that if the injury had happened long before there would not necessarily be any surface indication of it. *Held,* proper to cross-examine him as to what plaintiff had said when, on touching his person, he had asked him if he felt any pain. The fact was part of the res gestæ, and the plaintiff was entitled to show all the facts brought out by the physician's examination of him.

Error to Kent.  (Montgomery, J.)   Feb. 5.—April 16.

Case.  Defendant brings error.  Affirmed.

*Smiley & Earle* for appellant.   The demeanor of one who

has inflicted an injury in afterwards speaking of it, is not to be shown in a civil action: *Lane v. Bryant* 9 Gray 245; *Whitaker v. Eighth Ave. R. R. Co.* 51 N. Y. 295; see also *Luby v. H. R. R. Co.* 17 N. Y. 131; *Bellefontaine R. R. Co. v. Hunter* 33 Ind. 335; *Mabley v. Kittleberger* 37 Mich. 360; the extent of one's business is a matter of fact and not of opinion; *Wylie v. Wausau* 48 Wis. 506.

*Harvey Joslin*, in person, and *Kennedy & Thompson* for appellee. Evidence of how much one is earning, is admissible to fix damages for an injury disabling him: *Chandler v. Allison* 10 Mich. 476; *Allison v. Chandler* 11 Mich. 560; *Warren v. Cole* 15 Mich. 265; *Welch v. Ware* 32 Mich. 78; *G. R. & Ind. R. R. Co. v. Martin* 41 Mich. 671; a physician's examination of the injured person for the purpose of medical treatment, with the patient's statement of symptoms, may be shown: *Hyatt v. Adams* 16 Mich. 200; *Johnson v. McKee* 27 Mich. 471; *Elliott v. VanBuren* 33 Mich. 49; *G. R. & I. R.R. v. Martin* 41 Mich. 667; *Kempsey v. McGinniss* 21 Mich. 140; *Baker v. Griffin* 10 Bosw. 140; *Caldwell v. Murphy* 11 N. Y. 416; *Enos v. Tuttle* 3 Conn. 250; 1 Greenl. Ev. § 110.

SHERWOOD, J. This case has once before been in this Court. See 50 Mich. 516. The questions before the Court then were: 1st. Was the defendant liable, if at all, for the act of its servant, the driver of the ice-cart? and 2d. Had the plaintiff the right to recover (he being a lawyer) special damages by reason of the employment in which he was engaged, without special allegation in the declaration averring the facts? On the first point the Court held the liability existed, and on the second it held the negative and reversed the judgment, which was for the plaintiff, and directed a new trial.

On the second trial the plaintiff was allowed to amend his declaration, alleging his professional character, and claim damages especially sustained in his professional business. The trial then proceeded before a jury, and the plaintiff again had judgment at the circuit, and the defendant again brings the cause here on exceptions.

The plaintiff claims that on the 3d day of April, 1882, he was driving on a public street in the city with his horse and buggy, and was carelessly and negligently run into by one of

the defendant's servants, who was driving a team before an ice-cart while in the employ of the defendant; that by the collision his horse and buggy were damaged, and himself severely injured, in consequence of which he has been prevented from carrying on his business, and especially that of his profession, and this suit is brought to recover the damages he has sustained.

The questions now raised arise upon the rulings and charges made by the court during the trial of the case.    Two of the assignments of error relate to the refusal to charge as requested by defendant's counsel, and one to a statement of the court made in the charge upon his own motion.

The first includes the defendant's sixth request, which was given in full and is as follows:

" 6th. If the jury find that the street-railway track, at the point where the collision occurred, was not in a suitable and proper condition to allow the wheels of vehicles to pass over it, and that the collision was caused by this condition of the track, and would not have occurred but for that, then the plaintiff cannot recover."

The court then said, in connection therewith:

" If, however, the servant was negligent in driving against the plaintiff's vehicle, or in driving where the contact of his wheels with the railway track would throw his wagon against the plaintiff's carriage, and could, by the exercise of ordinary care in driving in the highway as it then was, have avoided the collision, he was guilty of negligence.    In other words, the fact that the street railway may have been in a condition which made it difficult to cross, would not justify one driving in the street to attempt to cross such track recklessly, or to the peril of others lawfully traveling the street, or charge any injurious result to the condition of the street."

It is to this additional instruction the defendant excepted, but we fail to see why the statement of the law therein contained is not correct, as applied to the facts the testimony discloses.

The court in his charge to the jury, after telling them that, in order to find for the plaintiff, they must find the driver of the ice-cart was guilty of negligence, said:

"As to whether there was negligence, is a question of fact for you to determine from the evidence. In the determination of this question you will apply the instructions you receive from the court to the facts; but you will receive but little aid from the court in this line."

The last sentence in this charge is the one excepted to. It seems, however, quite clear to us that the jury were not misled, as claimed by the defendant's counsel. The sentence unmistakably relates to the deliberation of the jury upon the facts, and in this, he says, he can render them little assistance. We see no objection to this charge.

The plaintiff, when upon the stand as a witness, against the defendant's objection testified that when the accident occurred, and while he was trying to raise himself up out of the debris, he asked the driver of the cart what he meant, and then stated, "The driver replied in rather an indifferent and insolent manner that he could not help it." The statement and manner were both a part of the res gestæ, and proper.

The plaintiff, in making proof of his damages, offered testimony to the effect that he was an attorney at law of ability and in good standing, and the extent and value of his practice, and that, in substance, the injury had rendered him incapable of pursuing his profession. This was objected to as irrelevant, immaterial and incompetent. We think this was competent. It was within the declaration that his standing in his profession was such as to command respect, and was proper to be shown, and his ability to earn, and the extent of his practice, were a portion of the loss he had sustained by the injury complained of. There was no error in permitting this proof, and we further think it was competent, upon the question of damages under the evidence in this case, for the plaintiff to show, by Judge Hoyt, as was done, that an interruption in his legal business and practice for eight months was a damage to him. It seems to have been a part of the legitimate consequences of the plaintiff's injury.

It was not error to permit the question put to Dr. White-

field to be answered.  It was not open to the criticism of counsel for defendant.[1]

The testimony of David P. Ransom was given, tending to show that the plaintiff was without fault in occupying the position he did with his horse and buggy at and about the time the injury occurred, and what would have been the result had he done otherwise, and further to show that the driver of the ice-cart was careless in doing as he did, knowing the position of the plaintiff.  In making this proof several questions were objected to, but we think were all competent.  There was nothing misleading or prejudicial in the answers given.  The examination of the witness the next day upon these points was discretionary with the trial judge.

We find nothing under the 5th or 9th assignments of error objectionable.  The manner the driver of the cart handled his team, and the use he made of his whip, and what positions the plaintiff's buggy occupied, and how it came to occupy them, were all facts to be shown on the question of negligence.

On the former trial the record shows an examination of plaintiff's physical condition had been made by several physicians, and on this trial, one of them, Dr. Griswold, was called by the defendant, and after his attention was called to that examination, he testified he discovered " no injury to the back ; " that " there were no scars or marks or any deformity ; " that there was no evidence of any hurt at all.  He then stated upon his cross-examination that if the spine had been injured six or eight months prior to the examination, there would be no indication of it necessarily upon the surface at the time the examination was made.  The witness,

---

[1] The question, answer and objection were as follows:

*Question.* From the examination you made of Mr. Joslin at the time, and supposing it to be true that he was suffering with a smarting pain in the back, near the region of the hips, and also pain in the back of the neck, what would you say was the cause of the trouble? *Mr. Earle.* I will save an exception to that.  I think the question must be purely hypothetical, or it must be entirely upon examination.  It cannot be part examination and part guess.  *The Court.* I think he may answer the question.

upon his cross-examination, was being examined by the plaintiff and asked the following questions: " *Question.* Do you remember putting your finger upon a certain point at my back and asking if I felt any pain? *Answer.* Yes. *Q.* What was the reply?" This question was objected to on the ground that it called for a statement of the plaintiff.

It was claimed by the plaintiff that an injury that could be only thus discovered to the physician was one of the facts in the examination which the witness had testified to on his direct examination, and that the examination was proper; also, to lay foundation for contradiction. The court overruled the objection, held it was proper cross-examination, and part of the res gestæ of the matter queried after, and permitted the witness to answer. " You complained of pain; of its hurting you. I don't remember the particular expression, but I know you complained of pain upon pressure." We think this ruling of the circuit judge was correct. The testimony was proper cross-examination, and this is the only question raised by the exception. It was the plaintiff's physical condition to which the attention of the witness was called, and the examination the physicians made of it at the time. It appears that such examination was made by observation and interview of the patient, and the plaintiff was entitled to the whole of it, if he desired. As an affirmative piece of testimony on the part of the plaintiff, it might not have been proper.

We have now examined all the questions argued and discussed before us on the hearing. We find no error in the rulings and decisions of the circuit judge, and the judgment must be affirmed.

CAMPBELL, J. concurred. Mr. Justice CHAMPLIN did not sit in this case.

COOLEY, C. J. The plaintiff, I think, should not have been allowed to testify what was the manner of the driver after the accident occurred. His manner had nothing to do with the liability of the defendant. The defendant was liable for

the servant's negligence which caused the accident; not for his impudence or insolence after its occurrence: and the proof of insolent manner was well calculated to swell the recovery wrongfully. I think also that nothing could be more unreliable than a man's judgment as to what is indicated by the manner of another under such circumstances.