LAWRENCE P. McMANUS v. NICHOLS–CHISHOLM LUMBER COMPANY.[1]

July 24, 1908.

Nos. 15,675—(151).

**Admissions by Party.**

All admissions by a party made outside the record, if relevant to the issue, are admissible in evidence as tending to prove the fact in issue to which the admissions relate, and, where they contradict the testimony of the party, to discredit him. Such evidence tends to prove the fact admitted and to discredit the party; but it is not necessarily conclusive as to either:

**Charge of Court.**

The trial court erred in its charge as to the purpose and effect of such evidence.

Action in the district court for Becker county to recover $10,000 damages for personal injuries alleged to have been caused by defendant's negligence. The case was tried before Baxter, J., and a jury which returned a verdict for plaintiff in the sum of $5,000. From an order denying its motion to set aside the verdict and for a new trial, defendant appealed. Reversed and new trial granted.

*Davis & Hollister,* for appellant.

*Stewart & Brower,* for respondent.

START, C. J.

The defendant, in January, 1907, was engaged in operating a logging railroad in the county of Becker, this state, and the plaintiff was in its employ as a brakeman, charged with the duty of coupling and uncoupling the logging cars from the engine. On January 4, while the plaintiff was attempting to couple the engine to a string of empty cars on a side track, his right hand and arm were caught between the coupling bar and the coupler and the framework of the car, whereby he sustained serious personal injuries.

This action was brought to recover damages for such injuries, on the alleged ground that they were caused by the negligence of the defend-

[1] Reported in 117 N. W. 223.

ant, in that, by its engineer in charge of the engine, it negligently increased the speed of the engine as it approached the cars, and while the plaintiff was holding the coupling bar in order to make the coupling, whereby the engine was driven forward at an unusual and unsafe rate of speed, which resulted in the coupling bar being forced against the end of the car and beneath the coupling head. The complaint contained other allegations of negligence on the part of the defendant to which it is not necessary here to refer. The answer put in issue the alleged negligence of the defendant, and alleged that the injuries sustained by the plaintiff were due solely to his own negligence. A trial of the issues resulted in a verdict for the plaintiff in the sum of $5,000. The defendant made a motion for a new trial on the grounds, with others, that the verdict was not sustained by the evidence and that the court erred in its instructions to the jury.

An examination of the record satisfies us that the evidence was such as to require the submission of the case to the jury; but, inasmuch as there must be a new trial of the action for errors in the charge to the jury, we refrain from referring to the evidence, except in connection with the instructions of the court to the jury.

The issue as to the contributory negligence of the plaintiff was sharply contested on the trial. The defendant gave in evidence several alleged admissions of the plaintiff relevant to this issue. The testimony of several witnesses, examined on behalf of the defendant, tended to show that the plaintiff, at the time he was injured and on subsequent occasions, made admissions to the effect that the accident was due to his own negligence. The engineer testified that he heard the plaintiff call for help when the accident occurred; that he went to his assistance, and in response to his question how it happened he answered, "I don't know; it was my own fault." If this testimony be true, and the answer was understandingly made, it was not only an admission of a party to the action relevant to an important issue, but it was a part of the res gestæ. Several other witnesses testified that the plaintiff at other times and places stated, in effect, that the accident was the result of his own fault, and that nobody else was to blame. The plaintiff denied that he ever made any admissions or statements of the kind.

105 M.—10

The trial court instructed the jury, in reference to such testimony, as follows: "Now the testimony has been introduced here as to statements made by this plaintiff. So far as those statements are concerned, they are introduced here mainly for the purpose of discrediting the testimony of this plaintiff; but if you believe, from all the testimony, that this plaintiff has testified truthfully, you have a right to believe his testimony, and the main purpose for which this testimony is introduced as to his statements with reference to this is to affect his testimony. You have heard those statements, and you have heard this plaintiff here. You have seen him on the stand. You are men of judgment, and you ought to be able to, and can, judge correctly of the weight that this young man's testimony should have, as well as the weight of the other parties. * * * (And with regard to this other question to which I shall refer, and it is the only one that I shall refer to, leaving you in your good judgment to follow this case out, this putting in of testimony here; I wish to repeat to you, this putting in of testimony as to what this plaintiff said. He denies all that. If you believe he said it, and said it under circumstances knowing what he was about, and that he intended it, then he should be bound by it as far as it goes. Then it is so much testimony against him.) It is testimony in the case, and you should consider it; but, in doing so, you should consider the relationship of all these different parties, and if they come in here and testify to what this plaintiff said at this time and that time, taking into consideration the reasonableness of their statements and the reasonableness of the plaintiff making such statements, and, of course, take into consideration his testimony, and, if you should find that he had been making those statements, it would go so far to weaken his testimony. (That testimony don't pretend to establish any particular facts in the case; but it is to discredit the plaintiff's testimony, and that is what I want to impress upon your minds.) It is all proper. It is done in lawsuits right along." The parts of the instructions which we have inclosed in parentheses are severally assigned and urged as error. The last one was excepted to at the trial.

It is clear from the instructions, considered as a whole, that the giving of the portions which are assigned as error was prejudicial er-

ror, for the reason that they were not a correct statement of the law, and that they minimized the purpose and value of the evidence.

It is familiar law that the admissions and statements of a party to the record of a fact relevant to the issue stand upon a different basis than those of a mere witness, which contradict his testimony given on the trial. In the last case, if the proper foundation had been laid by calling the witness' attention to time, place, and circumstances, evidence that he made the admission or statement, if material and relevant, is admissible, not as tending to prove the fact, but solely for the purpose of affecting his credibility. But in the case of a party such admissions and statements may be received in evidence without laying any foundation therefor, as evidence tending to establish the fact to which they relate. All admissions by a party, made outside the record, if relevant to the issue, are admissible in evidence, and such evidence has a twofold effect. It tends, as does other competent evidence, to prove the fact in issue to which the admissions relate, and where they contradict the testimony of the party the evidence tends to discredit him; or, in other words, such evidence is admissible to prove the fact admitted and to discredit the party. Such admissions, however, unlike those which are a part of the record, are not necessarily conclusive of the fact to which they relate. The evidence tending to prove them is to be received and considered in connection with all other evidence relevant to the issue. 2 Wigmore, Ev. § 1048; 16 Cyc. 939; Sullivan v. Murphy, 23 Minn. 6; Hosford v. Rowe, 41 Minn. 245, 42 N. W. 1018; Mathews v. Great Northern Ry. Co., 81 Minn. 363, 84 N. W. 101, 83 Am. St. 383; Taylor v. Grand Lodge A. O. U. W., 101 Minn. 72, 111 N. W. 919, 11 L. R. A. (N. S.) 92, 118 Am. St. 606.

It is urged by counsel for the plaintiff that the charge of the court, taken as a whole, was in accordance with the law as we have indicated it. There are some parts of the charge which, if considered without reference to other connected portions of the charge, tend in some measure to support the claim of counsel. However, a reading of the charge as a whole is all that is necessary to demonstrate the claim that it was prejudicial error. The trial court, lest the jury might misunderstand the purpose and effect of the evidence as to plaintiff's admissions, as he had instructed them, and consider it as tending to

prove the facts admitted, told them, in effect, that he wanted to impress upon their minds that the evidence did not pretend (tend) to establish any particular facts in the case, but to discredit plaintiff's testimony.

Again, it is urged that, if there were error in the charge, it was harmless, because the jury necessarily found as a fact that the admissions were not made. Who knows? There were no special findings by the jury. They may have found that they were made, and also that they did not discredit the plaintiff's testimony to an extent which would justify them in rejecting the whole thereof.

Lastly, it is urged that defendant's counsel should have called the court's attention to the inconsistency of the charge. The error was not alone that the charge was inconsistent, but that the rule of law given to the jury for their guidance was in substance unsound, to which an exception was taken at the time it was given.

For such error, the order appealed from must be reversed, and a new trial granted. So ordered.