## STATE v. PAUL PREUSS.[1]

March 31, 1944.

No. 33,690.

[1]Reported in 13 N. W. (2d) 774.

*Barron & Bradford,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, and *W. P. Berghuis,* County Attorney, for the State.

MAGNEY, JUSTICE.

Defendant operates a beer tavern in the village of Perham, Otter Tail county, this state. Plaintiff brought this action to abate defendant's place of business as a public nuisance. It was abated, and defendant appeals from the order denying his motion for a new trial.

Otter Tail county is a dry county. No license can be issued therein to any individual for the sale of intoxicating liquor. Villages, however, have authority under the state law to operate on sale and off sale liquor stores. The village of Perham opened up an off sale liquor store in December 1939 and an on sale store on July 1, 1942.

On October 29, 1935, defendant was issued a license by the village council of Perham to sell nonintoxicating malt liquors, commonly known as 3.2 beer. He has been operating a beer tavern since that date. Since October 29, 1936, he has been convicted 19 times in the municipal court of the village of Perham on charges of selling intoxicating liquor in violation of law. He has been convicted in the district court six times on the same charge. Once he entered a plea of guilty to a charge of having intoxicating liquor in his possession for sale. Once his daughter entered a plea of guilty to selling intoxicating liquor. On two other occasions defendant was convicted on similar charges. All these offenses were committed on

the premises in question, and the last conviction took place just before this action was brought. He was brought before the village council on many occasions and threatened with revocation of his beer license unless he refrain from selling intoxicating liquor. His license was never revoked, and the one under which he now oper- ates expires April 1, 1944. He was in possession of a federal retail liquor dealer's special tax stamp, in violation of Minn. St. 1941, § 340.026 (Mason St. 1940 Supp. § 3965-20), which reads:

"Any person who sells non-intoxicating malt liquor, containing not more than 3.2 per cent alcohol by weight, while holding or ex- hibiting in his place of business a federal retail liquor dealer's special tax stamp, without having an intoxicating liquor license under the laws of Minnesota, shall be guilty of a misdemeanor."

On the facts above set out, the trial court ordered:

"That the defendant's place of business * * * be abated as a public nuisance; and * * * defendant, his agents, relatives and employees be enjoined and restrained from operating or maintain- ing a beer parlor or any other business affiliated with intoxicating liquors in or upon said premises, and enjoined and restrained from in any manner having in possession therein any intoxicating liquor of any kind whatever, including 3.2 beer, and from in any manner handling, selling or giving away any intoxicating liquor of any kind whatever—and this shall include 3.2 beer."

Defendant contends that the trial court exceeded its power in enjoining him from engaging in the legal sale of 3.2 beer. He takes this position, in the words of his counsel:

"If defendant is enjoined from selling 3.2 beer while he has a federal liquor stamp and if he is enjoined from violating laws and ordinances relating to intoxicating liquors—in other words, if he is permitted only to sell 3.2 beer in a legal manner, the restraint will be adequate and just."

The evidence shows, and defendant admits, that he is a persistent liquor law violator. He had a federal liquor dealer's stamp for the

purpose of assisting and protecting him in the sale of intoxicating liquor illegally, and it is evident that his license to sell 3.2 beer serves his same purpose. Nothing short of what the court ordered will stop this nuisance.

 This proceeding is against the property used for a forbidden purpose, the persistent illegal sale of intoxicating liquor. The court has the power to stop such a nuisance. In order to stop it, it is necessary, and the court so found, to prevent the sale of 3.2 beer on the premises. It is stated in 33 C. J., Intoxicating Liquors, § 413: "An injunction abating a common nuisance under a liquor law should be broad enough to preclude the possibility of a continuing or reopening of the nuisance by defendants or by anyone in privity with them." Clearly, the only way to preclude the possibility and probability of a continuing of the nuisance on these premises is to stop the sale of 3.2 beer therein. The court has the power to enjoin the sale of 3.2 beer upon the premises if it is necessary to do so in order to prevent the illegal sale of intoxicating liquor.

In State v. Sportsmen's Country Club, 214 Minn. 151, 156, 7 N. W. (2d) 495, 497, this court said:

"The legal remedy of indictment under the criminal statutes has clearly proven ineffective, as witness the list of convictions against the club, its managers, and employes." And further, at p. 157 (7 N. W. [2d] 498): "The granting of an injunction here will not only dispose of an existing nuisance but will prevent it in the future without the need of repeated prosecutions."

That language is pertinent to this case. It must be apparent that the state will be unsuccessful in stamping out the illegal sale of intoxicating liquor by the defendant unless he be restrained from selling 3.2 beer.

In State ex rel. Wilcox v. Ryder, 126 Minn. 95, 102, 147 N. W. 953, 956, 5 A. L. R. 1449 (a statutory abatement proceeding), the court stated:

"* * * independently of statute, jurisdiction exists in equity to

abate nuisances"; and at p. 107 (147 N. W. 957), it continues: "it is settled that by due process of law specific forfeitures may be imposed for specific acts, including even total destruction of property *per se* innocent, when such fairly tends and is reasonably necessary to accomplish a legitimate purpose under the police power."

Counsel for the state in their brief say that defendant's "beer parlor is nothing but a front for the more lucrative business of selling whiskey." In this observation we agree.

Order affirmed.

