# BEATRICE L. HALLORAN v. ARTHUR TOUSIGNANT AND OTHERS.[1]

March 24, 1950.

No. 35,037.

*Henry Levine* and *Bauers & Carlson,* for appellant.

*Freeman, King, Larson & Peterson* and *Robert L. Hoppe,* for respondents.

---

[1]Reported in 41 N. W. (2d) 874.

LORING, CHIEF JUSTICE.

Plaintiff was seriously injured in an intersection collision between a car driven by her husband, Ray W. Halloran, and a truck owned by the Minuti Brothers and driven by Arthur Tousignant with their permission. The jury brought in a verdict for defendants, and plaintiff appeals from the order denying her motion for a new trial.

The accident occurred at the intersection of Ford Parkway and Davern street, St. Paul. Ford Parkway is a four-lane highway running in an east-west direction. It is approximately 58 feet wide. Davern street runs north and south and is approximately 30 feet wide. There is no dispute in the evidence. Defendant Tousignant was proceeding south on Davern street about 12:30 p. m. on April 22, 1948. As he came into the intersection, he was traveling about five to six miles per hour and could stop in 12 or 15 feet. He looked to the right when he was 30 feet from the intersection. At this point, he had a clear view. He saw the automobile in which plaintiff was riding approaching from the west "between 400 and 450 feet" away. He looked a second time when he was in the middle of the intersection, and the Halloran car was then about 100 feet away. As he crossed the intersection, he was going between 18 and 20 miles per hour. He saw the Halloran car a third time when it was 30 feet away and he "was practically through the intersection." During the whole of this time Ray Halloran did not at any time observe defendants' truck. He was traveling at a speed of 30 to 35 miles per hour and he did not reduce it at any time. Following the accident, Halloran stated to the policeman who was called to the scene that he had been going 35 miles per hour. He testified that he did not recall looking in either direction as he approached the intersection; that he did not see the truck at any time; and that he did not know exactly where he hit the truck, but that it was toward the rear. Plaintiff also testified that she did not see defendants' car. The Halloran car struck the right rear wheel of the truck about four or five feet from the end. The collision occurred on the south side of Ford Parkway when about two-thirds of the truck was still in the parkway. The impact knocked the frame of

the truck badly out of line and completely demolished the front of the Halloran car.

■ Plaintiff contends that Tousignant was negligent as a matter of law in not yielding the right of way to Halloran, because he saw the Halloran car when it was 975 feet away,[2] watched it all the time, and should have known that it was going 30 to 35 miles per hour without slowing down, since he testified that he was going five to six miles per hour when he approached the intersection and could have stopped within 12 to 15 feet.

Plaintiff relies primarily on Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, 175 A. L. R. 1007.

The Moore case construed the word "approximately" in M. S. A. 169.20, subd. 1, to mean (225 Minn. 112, 29 N. W. [2d] 886) "the approach to an intersection of two vehicles so nearly at the same time that there would be imminent hazard of a collision if both continued the same course at the same speed." This is the *danger zone* rule. If the vehicle on the right is traveling at a lawful rate of speed and is within the danger zone as interpreted above, the vehicle on the left must yield the right of way or the driver will be prima facie negligent in failing to do so. The burden of the evidence shifts to the violator "to at least counterbalance the *prima facie* case made by the showing of violation" (Olson v. D. M. & I. R. Ry. Co. 213 Minn. 106, 113, 5 N. W. [2d] 492, 496; Lee v. Molter, 227 Minn. 557, 35 N. W. [2d] 801); and where the evidence might excuse failure to comply with the statute, the court will not direct a verdict. The rule of the Moore case has been applied in Mattfeld v. Nester, 226 Minn. 106, 32 N. W. (2d) 291, 3 A. L. R. (2d) 909; Martin v. Reibel, 227 Minn. 106, 34 N. W. (2d) 290; Bosell v. Rannestad, 226 Minn. 413, 33 N. W. (2d) 40; Foster v. Bock, 229 Minn. 428, 39 N. W. (2d) 862; and Ristau v. Riley, 230 Minn. 341, 41 N. W. (2d) 772. In the Ristau case we said (230 Minn. 345, 41 N. W. [2d] 774):

---

[2]The length of the block at this intersection is 650 feet.

"* * * Where the evidence is conflicting as to the factors involved, that is, as to whether the automobiles approached the intersection at approximately the same time, as to which automobile (if any) entered the intersection first, whether a collision would occur if each continued in its course and maintained its speed, and whether violation of the right-of-way rule was the proximate cause of the collision, are fact questions for the jury."

Cf. Jeddeloh v. Hockenhull, 219 Minn. 541, 18 N. W. (2d) 582; Ristow v. Von Berg, 211 Minn. 150, 300 N. W. 444; Utgard v. Helmerson, 202 Minn. 637, 279 N. W. 748. On the other hand, the driver on the right is required to yield the right of way to the driver on the left who has reached the intersection an appreciable length of time ahead of him and who is in actual possession of the intersection.

In the case at bar, we think that the evidence not only rebuts a prima facie showing of negligence on Tousignant's part, but that it conclusively appears that he arrived at the intersection such an appreciable length of time before the Halloran car that he was in actual possession of the intersection and had the right of way. § 169.20, subd. 1 (1st par.). The evidence shows that the car on the right was 400 to 450 feet or, as plaintiff claims, 975 feet from the intersection when the truck was 30 feet from it. The car on the right was 100 feet away when the truck was in the middle of the intersection. The jury were entitled to believe that Halloran was going in excess of 30 miles per hour in violation of the speed limit, which forfeited any right of way he might have otherwise had. Whether the car on the right was 400 to 450 feet or 975 feet away, any person of ordinary prudence would be justified in assuming that it was safe to proceed into the intersection when Tousignant did. He would not consider that Halloran was within the zone of immediate hazard. As said by Judge Sanborn in Walkup v. Bardsley (8 Cir.) 111 F. (2d) 789, 792, cited with approval in Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, the rule "places the duty upon the driver of a car approaching from the right to yield the

right of way to the driver of a car on the left, where that car is actually in possession of the intersection." The evidence is conclusive that Tousignant was in possession of the intersection. He was nearly across it when Halloran hit his truck near the rear of it. Since Halloran was exceeding the speed limit, he forfeited whatever right of way he might have had.

■ Plaintiff complains of the court's ruling excluding exhibit G, which was a statement made by defendant Tousignant to a representative of the Minuti Brothers' insurance company after the accident and offered by plaintiff for purposes of impeachment. There Tousignant stated, "I was traveling about 18 to 20 miles as I entered the intersection," whereas he testified that he "came into" the intersection at between five and six miles an hour and thereafter crossed it at about 18 to 20 miles an hour. The offer was refused on the ground that the statement was a confidential communication between attorney and client. The statement in question came into the hands of plaintiff through an agreement between the companies insuring the vehicles involved to exchange the statements of their respective insureds. This arrangement waived any privilege that might otherwise have been invoked. The statement was therefore admissible. See, Schmitt v. Emery, 211 Minn. 547, 553, 2 N. W. (2d) 413, 416-417, 139 A. L. R. 1242. We are of the opinion, however, that the error was not prejudicial to plaintiff's case because the facts would have justified the trial court in ruling, as a matter of law, that Tousignant was "in possession of the intersection" and that Halloran had forfeited his right of way. Consequently, the verdict was right as a matter of law, and the exclusion of the statement was harmless error. DeVere v. Parten, 222 Minn. 211, 23 N. W. (2d) 584. Since reasonable men could not have differed as to Tousignant's right to enter the intersection, the speed at which he entered it became wholly immaterial so long as it was within the lawful limit.

■ Plaintiff contends that the court erred in charging the jury as follows:

"The mere happening of this accident and the fact that the plaintiff Beatrice Halloran may have sustained damages, standing alone, does not entitle her to a verdict in her favor."

She relies on Wright v. Minneapolis St. Ry. Co. 222 Minn. 105, 23 N. W. (2d) 347. This case has no application here because no issue of unavoidable or inevitable accident was or should have been submitted to the jury. It is clear from the remainder of the charge that the court was merely explaining a problem of burden of proof to the jury.

Order affirmed.