# BENJAMIN BELLMAN v. DAVID POSNICK AND ANOTHER.[1]

February 23, 1951.

No. 35,289.

*William H. DeParcq,* for appellant.

*Meagher, Geer & Markham,* for respondents.

[1]Reported in 46 N. W. (2d) 475.

LORING, CHIEF JUSTICE.

In this action, plaintiff Benjamin Bellman seeks to recover damages for injuries to his person and property resulting from a collision between a car owned and driven by him and a car owned by defendant David Posnick and driven by defendant Barbara Posnick, his daughter. Hereinafter the word "defendant" will be used to refer to Barbara Posnick, driver of the car. The case was tried before a jury, and there was a verdict for defendants. Plaintiff appeals, assigning as error the ruling of the trial court which excluded one item of his evidence, and the trial court's refusal to instruct that defendant was negligent as a matter of law.

This collision occurred at the intersection of Eleventh and Girard avenues north in the city of Minneapolis. Girard avenue runs generally north and south, and Eleventh avenue runs generally east and west, so that they intersect at approximately right angles. Prior to the collision, plaintiff was driving north on Girard avenue, and defendant was driving west on Eleventh avenue. Since Girard avenue approaches Eleventh avenue from the south at a 7.3-percent grade for the last 300 feet and since Eleventh approaches Girard avenue from the east at a 7.4-percent grade for the last 100 feet, both cars were climbing more than a 7-percent grade as they traveled the last 100 feet to the intersection. The comparative steepness of these grades is indicated by the fact that the maximum grade allowed on a state highway is five percent, and the maximum grade deemed desirable for city streets is three percent.

Taking plaintiff's own testimony, it appears that he first observed defendant's car when he was approximately 40 feet from the intersection. When he was within 30 feet of the intersection, he saw defendant approximately 60 feet from the intersection. He then accelerated his speed from about 15 to about 17 miles per hour and proceeded. Although there is considerable conflict in the testimony and other evidence as to the speed at which defendant was traveling, there is no evidence that she was going over 30 miles per hour. Defendant claims to have been traveling about 20 miles per hour. For present purposes we may assume, as plaintiff

contends, that defendant was traveling 30 miles per hour. On these facts, defendant would have been traveling about 45 feet per second, and plaintiff would have been traveling about 25½ feet per second. The result of calculations based on these estimates of speed and distance is that when plaintiff was within 4½ feet of the intersection defendant was only 15 feet from it. Since both streets are 32 feet wide, defendant would have needed at least a second and a half to clear the intersection safely if both cars continued their speeds unslackened. However, the same computations show that in less than a second—of the second and a half that defendant would have needed to cross safely—defendant would have reached the middle of the intersection; or, describing the situation from a different point, when the front of defendant's car reached the east boundary of Girard avenue, the front of plaintiff's car was four feet into the 32-foot intersection, so that plaintiff could have traveled another 12 feet before reaching the northern half of Eleventh avenue, in which defendant was driving. Although plaintiff testified that he could have stopped within about 10 feet, he did not attempt to do so.

Taking plaintiff's own testimony as representing the manner in which this accident occurred, we think that plaintiff must be held contributorily negligent as a matter of law. This same general problem came before this court in Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, 175 A. L. R. 1007—a case in which the jury had returned a verdict in favor of defendant, both in the main action and on defendant's counterclaim. Plaintiff appealed on the ground that defendant was negligent as a matter of law and should have been barred on his counterclaim. Defendant in the Moore case was in approximately the same situation as plaintiff in the present case claims to have been, except that defendant there, unlike the present plaintiff, claimed not to have seen the other car until the moment of impact. There, the court said (225 Minn. 111, 29 N. W. [2d] 885):

"Defendant contends that he entered the intersection first, although a review of the facts most favorable to him would reason-

ably justify an inference that if he did so it was by only one or two seconds, * * *."

The court, having made the above statement, proceeded to analyze the applicable statutory law and, in so doing, quoted the first sentence of M. S. A. 169.20, subd. 1, which reads as follows:

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which, has entered the intersection from a different highway."

The court then stated that the above statutory provision must be interpreted in the light of the second sentence of § 169.20, subd. 1, which reads:

"When two vehicles enter an intersection from different high-ways *at approximately the same time* the driver of the vehicle on the left shall yield the right of way to the vehicle on the right." (Italics supplied.)

The court then stated (225 Minn. 112, 29 N. W. [2d] 886):

"* * * As we view the two sentences, the second one so modifies the first as to require the driver on the left, even though he may reach the intersection first, to yield the right of way to the driver on the right in a situation where the two vehicles would collide were each to continue its course and maintain its rate of speed. To otherwise interpret the law and to arbitrarily give to him who first enters the ·intersection the right of way over another vehicle approaching at approximately the same time from the right would be to increase rather than diminish the hazards of driving. By *approximately,* the legislature must have meant the approach to an intersection of two vehicles so nearly at the same time that there would be imminent hazard of a collision if both continued the same course at the same speed."

The court in the Moore case, having determined that defendant must have seen plaintiff approaching and having determined that defendant had reached the intersection one or two seconds ahead of plaintiff at the most, held that defendant was negligent as a

matter of law in failing to yield the right of way to plaintiff approaching from the right. It thus appears that the Moore case is controlling on the facts of the present case.[2] Even assuming that there may be some errors in plaintiff's estimates of speeds and distances, it appears that plaintiff, having seen defendant approaching the intersection within 60 feet, speeded up to pass through the intersection and that, in so doing, he entered the intersection only a split second ahead of defendant.

Although, in Halloran v. Tousignant, 230 Minn. 399, 41 N. W. (2d) 874, this court refused to hold a driver negligent as a matter of law when he had proceeded into an intersection after seeing a car approaching from his right at a distance of between 400 and 450 feet while he was 30 feet from the intersection, there is a substantial difference between attempting to cross an intersection ahead of a car 400 feet away and attempting to cross ahead of one 60 feet away. Another comparison showing the difference between the present case and the Halloran case is that the driver in the Halloran case was in the middle of the intersection while the other driver was still 100 feet away. In the present case, when plaintiff was only four feet into the intersection, defendant reached the east curb line of the street on which plaintiff was traveling. From plaintiff's estimates, it almost appears that plaintiff should have struck defendant rather than vice versa. Although this demonstrates, in part, that plaintiff's estimates are somewhat inaccurate, it also demonstrates that both cars approached the intersection at so nearly the same time that plaintiff should have yielded the right of way to defendant. Since there is no evidence that defendant was traveling at an unlawful

---

[2]Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, has been cited with approval in Mattfeld v. Nester, 226 Minn. 106, 32 N. W. (2d) 291, 3 A. L. R. (2d) 909; Martin v. Reibel, 227 Minn. 106, 34 N. W. (2d) 290; Bosell v. Rannestad, 226 Minn. 413, 33 N. W. (2d) 40; Foster v. Bock, 229 Minn. 428, 39 N. W. (2d) 862; Ristau v. Riley, 230 Minn. 341, 41 N. W. (2d) 772; and Halloran v. Tousignant, 230 Minn. 399, 41 N. W. (2d) 874.

speed, there is no basis for holding that she forfeited the right of way under the provisions of § 169.20, subd. 1.

■ Having determined that plaintiff must be held contributorily negligent as a matter of law under the rule announced in Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, it is unnecessary to decide whether the trial court erred in excluding certain of plaintiff's evidence[3] or in failing to charge that defendant was negligent as a matter of law. If the trial court erred with respect to those matters, the errors were nonprejudicial because, upon plaintiff's own testimony, we must hold that his claim is barred by his own contributory negligence. In short, the verdict is right as a matter of law.

Affirmed.

---

[3]Even if the evidence which the court excluded had been admitted, it would have been testimony that plaintiff was driving 15 miles per hour at the time of the accident and that, when plaintiff entered the intersection, defendant was 35 to 40 feet east of it. Even assuming that this testimony represents the facts correctly, it would still appear that plaintiff was negligent in failing to yield the right of way. Assuming that plaintiff entered the intersection when defendant was 40 feet away, plaintiff would have needed almost a second and a half to clear the intersection safely, while in one second defendant would have been five feet into the intersection.