EMIL P. HIERL v. HOMER C. McCLURE.[1]

January 23, 1953.

No. 35,823.

[1]Reported in 56 N. W. (2d) 721.

*Swore & Wallace,* for appellant.

*Dell, Rosengren & Rufer* and *Swanson & Swanson,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This action arose out of a collision between two automobiles at the intersection of state aid road No. 1 and trunk highway No. 27 in Douglas county on March 1, 1951, at 1 p. m. Emil P. Hierl, owner and driver of one of the cars, first brought this action against Homer C. McClure, owner and driver of the other car, for personal injuries and property damage as the result. McClure answered, interposing a general denial and allegations of contributory negligence. Thereafter McClure instituted a separate action against Hierl for personal injuries and property damage also as a result of the accident. In that action Hierl interposed a general denial and allegations of contributory negligence.

The cases were reached for trial at the October 1951 general term of court in Douglas county and by oral order were consolidated for the purpose of trial only. In McClure v. Hierl, a verdict in favor of McClure in the sum of $1,350 was returned. It included an itemization of special damages totalling $1,350 but made no provision

for general damages. In Hierl v. McClure, the jury returned a verdict in favor of McClure in the same amount, likewise itemized, although McClure had interposed no counterclaim in this action.

Subsequent to the verdicts, Hierl moved for a new trial in Hierl v. McClure and for judgment notwithstanding the verdict or a new trial in McClure v. Hierl. These motions were denied. In McClure v. Hierl, because of the jury's failure to include any sum for general damages in its verdict, McClure moved for a new trial on the issue of damages only; the court denied McClure's motion and ordered a new trial without limitation as to issues. This is an appeal from the order denying Hierl's motion for a new trial in Hierl v. McClure.

Shortly prior to the trial, Hierl requested that McClure submit to a physical examination by Dr. Harold L. Stemsrud. In compliance with this request, McClure appeared at Dr. Stemsrud's office where he was examined by Dr. Stemsrud. In the course of this examination, it is claimed that he stated to Dr. Stemsrud that he had no recollection whatever concerning the happening of the accident or the events immediately preceding it. During the trial, however, McClure testified as to the surface of the road, his rate of speed as he approached the intersection, and his distance east thereof when he first observed traffic on state aid road No. 1 and noticed the Hierl car approaching the intersection from the south.

During his cross-examination, he was asked by counsel for Hierl:

"Q. * * * do you remember telling Dr. Stemsrud on Monday of last week that you didn't remember anything about the accident or anything that happened that day before you got hurt?

"A. No, that I didn't.

＊  ＊  ＊  ＊  ＊

"A. I am sure I didn't tell him that, because I do remember that before that."

Hierl had not called Dr. Stemsrud to give testimony as to McClure's physical condition. In rebuttal he called Dr. Stemsrud, not to give testimony as to McClure's physical condition, but "solely for the purpose of impeachment," and his counsel specifically re-

quested that the court prevent McClure's counsel from asking any questions as to his findings on McClure's injuries and condition. Hierl's counsel then endeavored to elicit from the doctor the statement claimed to have been made to him by McClure with reference to the latter's inability to recall any of the facts relative to the accident. Objections thereto, on the grounds that such testimony was incompetent and hearsay, were sustained. Objection to the subsequent offer to prove the conflicting statement for the purpose of impeachment only was likewise sustained. This objection was based upon the compulsory nature of the physical examination and the fact that the statement made as part of the history of the injuries was "hearsay" and "prejudicial." The objection was sustained because, as the court stated, "the offer is hearsay and does not fall within the exceptions to the hearsay rule * * *."

On this appeal McClure urges that, regardless of the order appealed from, the evidence presented established Hierl's negligence as a matter of law so that this issue should not be retried in any event. Hierl contends that the court erred in granting a new trial on all issues in McClure v. Hierl, since this would include the issues of negligence and contributory negligence finally adjudicated in Hierl v. McClure, wherein the verdict and judgment would constitute a bar to a redetermination of such issues when presented in the retrial of McClure v. Hierl. It is also Hierl's contention that the trial court erred in sustaining the objection to the testimony of Dr. Harold L. Stemsrud relative to McClure's admissions made during the course of the physical examination and the objections to the offer of proof made in this connection.

■ We do not feel that the evidence is such that we should hold that Hierl was negligent as a matter of law. In support of this contention McClure points to Hierl's admissions that he was familiar with this intersection; that he was traveling about 40 miles an hour at a point 450 feet south thereof from which he had a clear and unobstructed view of trunk highway No. 27 upon which McClure was traveling toward the intersection from the east; that it was his plan to cross trunk highway No. 27 and continue north on state

aid road No. 1; that he knew there was heavy traffic on trunk highway No. 27 and appreciated the fact that any driver to his east would have the right of way; that, when he was from 175 to 200 feet from the intersection, his speed was 25 miles an hour and at that time he looked to the east and saw McClure's automobile approaching the intersection but then made no observation as to McClure's speed and could not tell whether it was 10 or 100 miles per hour; and that thereafter he did not again look to the east.

This court has frequently stated that the negligence of a driver is not to be determined solely by the number of times he looked to his right on approaching an intersection. Norling v. Stempf, 208 Minn. 143, 293 N. W. 250. See, Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198. There is no statute or rule of law which requires a driver to look a second time after he had concluded as the result of his first observation that it is safe to cross an intersection. Kraus v. Saffert, 208 Minn. 220, 293 N. W. 253. See, Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, 175 A. L. R. 1007; Bellman v. Posnick, 233 Minn. 268, 46 N. W. (2d) 475. Here it was incumbent upon Hierl to also make observations to the west where a hill somewhat obstructed his view. His testimony was that, when he last looked to the right, the McClure car was back two or three times as far from the intersection as he was and that he realized that he was in the clear as far as that car was concerned and looked to the left because there was a blind corner to the left which he was worried about. Under such circumstances, in the light of our previous decisions on this question, we feel this issue was properly one for the jury's determination.

■ We are of the opinion that, since the trial court ordered a retrial of all issues in McClure v. Hierl, the motion of Hierl for a new trial in Hierl v. McClure, the case here, should have been granted. The court might have ordered a new trial limited to the issue of damages only or limited to the issue of McClure's contributory negligence. It did not do this, and presumably, under the pleadings, the issues relating to Hierl's negligence and McClure's contributory negligence may be presented in the retrial. In this

event it is certain that when Hierl seeks to present evidence either as to McClure's contributory negligence or his own freedom from negligence he will be confronted by the verdict or judgment in Hierl v. McClure and the plea that by virtue thereof he is estopped from presenting evidence on either issue.

The doctrine of estoppel by verdict applies when it affirmatively appears that the issues sought to be litigated in an action have been already litigated and determined in a prior suit, where the determination of such issues was necessary to warrant the verdict or judgment sought and obtained in the former action. 3 Dunnell, Dig. & Supp. §§ 5161, 5162, and cases cited.

In the present situation, where the controlling issues in Hierl v. McClure are identical with those to be raised in McClure v. Hierl, it is difficult to see how the plea of estoppel or *res judicata* with reference thereto would not be effective in the retrial as the record now stands. This seems particularly clear from the memorandum attached to the order denying a new trial in Hierl v. McClure, wherein the court stated there was a "jury issue on negligence and contributory negligence" in that case. If in fact such issues were for the jury, then neither party should be limited in his effort to present for the jury's consideration all evidence bearing upon them in the new trial. For the reasons stated, we feel that the trial court was in error in denying the motion for a new trial in the instant case while granting it in the case of McClure v. Hierl.

■ We feel the court erred in excluding the testimony of Dr. Stemsrud relative to admissions made to him by McClure. An admission made by a party to litigation in conflict with his testimony at the trial thereof is not subject to the objection that it constitutes hearsay. It serves the purpose of discrediting the litigant's testimony by virtue of its inconsistency with his subsequent testimony and tends to prove the facts in issue. Litman v. Peper, 214 Minn. 127, 7 N. W. (2d) 334; Heydman v. Red Wing Brick Co. 112 Minn. 158, 127 N. W. 561; McManus v. Nichols-Chisholm Lbr. Co. 105 Minn. 144, 117 N. W. 223; 20 Am. Jur., Evidence, § 544; 7 Dunnell, Dig. (3 ed.) § 3409.

The only other basis for its exclusion would be that the witness called to testify with reference thereto was incompetent by reason of the violation of some privilege, statutory or otherwise. McClure urges that, because he was under compulsion to submit to a physical examination by Dr. Stemsrud, any statements made to the latter were privileged by reason of the fact that the doctor occupied some privileged status by virtue of statute or otherwise. There is no rule at common law or by virtue of statute which gives support to this claim. At common law all persons were competent to testify (6 Dunnell, Dig. & Supp. § 10305), and even an attending physician's testimony was not privileged in the absence of statute. Price v. Standard L. & A. Ins. Co. 90 Minn. 264, 95 N. W. 1118; First Trust Co. v. Kansas City L. Ins. Co. (8 Cir.) 79 F. (2d) 48.

M. S. A. 595.02(4), relating to the competency of physicians and surgeons to testify, provides:

"A licensed physician or surgeon shall not, without the consent of his patient, be allowed to disclose any information or any opinion based thereon which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity; * * *."

It is not disputed here that Dr. Stemsrud was not McClure's attending physician. On the contrary, he was retained by Hierl for the purpose of making an examination to give testimony with reference to McClure's physical condition. Clearly, under the statute he was not incompetent to testify to any disclosures made to him during the course of this examination. Leifson v. Henning, 210 Minn. 311, 298 N. W. 41; Cherpeski v. G. N. Ry. Co. 128 Minn. 360, 150 N. W. 1091; Jacobs v. Cross, 19 Minn. 454 (523); West Chicago St. R. Co. v. Carr, 170 Ill. 478, 48 N. E. 992; City of Chicago v. McNally, 227 Ill. 14, 81 N. E. 23; Broyles v. Prisock, 97 Ga. 643, 25 S. E. 389; Joslin v. Grand Rapids Ice & Coal Co. 53 Mich. 322, 19 N. W. 17.

It is urged in the trial court's memorandum and by counsel for McClure that to permit testimony of this kind would lead to serious

ramifications and would operate to the disadvantage of counsel representing injured litigants. While this may be true, under the statutes now in force the testimony is admissible, and we cannot indulge in judicial legislation on this subject but must apply the law as it is enacted by the legislature.

The order appealed from is reversed.

Reversed.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

