Kenneth Arthur **SCHULTZ**, Appellant,

v.

**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY**, Appellee.

No. 55681.

Supreme Court of Iowa.

May 23, 1973.

James P. McGuire, Mason City, for appellant.

Laird, Burington, Bovard & Heiny, Mason City, for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

The question before us is whether plaintiff proved as a matter of law that defendant's driver violated our right-of-way statute.

The car of plaintiff Kenneth Arthur Schultz, driven by his wife, collided with the 16-foot-long truck of defendant Railroad at an intersection in Northwood, Iowa. There are no traffic control signs at the intersection. Each street is 20 feet wide.

We view the evidence in the light most favorable to the judgment for the Railroad. Rule 344(f), Rules of Civil Procedure. The collision occurred shortly after 7:00 a. m. on October 30, 1970. Mist was in the air, and the windshield wipers on both vehicles were operating. The truck's lights were on, but the car's lights were not. The truck was traveling west (from the unfavored direction) at about ten miles per hour. The car was traveling south (from the favored direction) at about 25 miles per hour. Each vehicle was on its right side of the street.

The truck driver approached the intersection, looked right and left, observed no vehicles, and proceeded into the intersection. When he was past the center of the intersection, he saw the car approaching from the right about 12 feet away. When the front part of the truck had left the intersection and the rest of the truck was in the northwest part of the intersection, the car collided with the right rear wheel of the truck.

Plaintiff sued the Railroad for damages to his car. A jury was waived. The trial court, acting as the trier of fact, found that plaintiff had not proved the truck driver was negligent. The court therefore entered judgment dismissing the petition. Plaintiff appealed.

The sole question presented is whether plaintiff proved that the truck driver was

negligent as a matter of law in failing to yield the statutory right of way. This question turns on the meaning of our right-of-way statute and on the application of that statutory meaning to the evidence. Our treatment of the appeal is on the assumption that both drivers acted with due care in other respects.

After various changes in wording over the years, the statute involved here now provides in § 321.319, Code 1973:

> When two vehicles enter an intersection from different highways or public streets *at approximately the same time,* the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right. (Italics added.)

What is the meaning of "approximately the same time"? Several other jurisdictions have that expression in their statutes. They hold, of course, that if the vehicles enter an intersection at the same time, the vehicle on the left must yield. Moore v. Kujath, 225 Minn. 107, 29 N.W.2d 883; Smith v. Aspaas, 71 S.D. 111, 21 N.W.2d 878. Moreover, they hold that if the vehicles enter the intersection only a split second apart, the vehicle on the left must again yield even though it got to the intersection first. E. g., Walkup v. Bardsley, 111 F.2d 789 (8 Cir.—applying Minnesota statute). But they hold that if the left vehicle enters the intersection sufficiently in advance of the right vehicle that the fact finder may fairly say the left vehicle was in possession of the intersection when the right vehicle arrived, then the fact finder may find that the vehicles did not enter at approximately the same time and that the right vehicle did not have the statutory right of way. Zettle v. Lutovsky, 72 N.D. 331, 7 N.W.2d 180. See also Halloran v. Tousignant, 230 Minn. 399, 41 N.W.2d 874; Ristau v. Riley, 230 Minn. 341, 41 N.W.2d 772; Malcom v. Dox, 169 Neb. 539, 100 N.W.2d 538; Vogel v. Vetting, 265 Wis. 19, 60 N.W.2d 399.

Turning to the evidence, certainly the fact finder reasonably could have found that these vehicles entered the intersection at approximately the same time. Could it reasonably find the opposite—did the truck enter sufficiently in advance that the fact finder could fairly say the truck was in possession of the intersection when the car arrived?

We think so, although we are not free from doubt about the matter. The intersection was only 20 feet wide; it was not a broad one which would require considerable time for the truck to traverse. When the truck was struck, the front part of it had already crossed and cleared the intersection. The rest of the truck was in the northwest part of the intersection. Its right rear wheel was struck by the southbound car, which had only entered the intersection. Thus the truck was leaving the intersection as the car was coming into it.

The question is close, but we conclude the issue of whether the vehicles entered the intersection "at approximately the same time" was one of fact rather than law. See Farmer v. Valley Marine Center, Inc., 206 Va. 737, 146 S.E.2d 265. We are influenced by the fact that seldom does a party having the burden on an issue sustain his burden as a matter of law—and plaintiff had the burden of proof. Hepp v. Zinnel, 199 N.W.2d 68 (Iowa).

The trial court found as a fact that the vehicles did not enter at approximately the same time. The finding of fact must stand.

Affirmed.